**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Interstate Fire & Casualty Company, Inc., an Illinois corporation,<br><br>Plaintiff and Counterdefendant,<br><br>vs.<br><br>The Roman Catholic Church of the Diocese of Phoenix, a corporation sole, by and through Bishop Thomas J. Olmsted, his predecessors and successors,<br><br>Defendants and Counterclaimants. | No. CV 09-01405-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff Interstate Fire and Casualty Company's ("Interstate Fire") Motion to Compel Production of Witness Interviews and Timelines (Doc. 115). Interstate Fire requests production of informal discovery taken by Defendant ("the Diocese") in defending the underlying *Takata* and *Cesolini* cases, including summaries of twenty-five witness interviews and two timelines. Interstate Fire claims these documents are discoverable because they are relevant to the Diocese's knowledge of whether offending priests would abuse other minors, which, as this Court held in its February 8, 2011 order (Doc. 58), is a central issue to this litigation and to determining whether the Diocese's claims are covered by Interstate Fire's policy. Interstate Fire requests the factual portions of the interview summaries, and is amenable to the documents being redacted for counsel's strategy, theories, and assessments. The Diocese objects to the production of the requested documents on the basis that they are protected as work

product.

Interstate Fire claims it is entitled to production of the witness interview summaries and timelines under four theories. First, Interstate Fire argues that it has a contractual right under the insurance policy to examine the Diocese's "books or records so far as they relate to coverage." (Doc. 115 at 2.) Second, Interstate Fire claims that even if the requested discovery constitutes work product, Interstate Fire and the Diocese share the "common interest" of defeating, settling, or minimizing the claims in the underlying litigation, and are accordingly entitled to access the interview summaries and timelines. Third, Interstate Fire claims that it is entitled to the requested discovery because the Diocese's claim for indemnification for its attorney's fees puts its services for such fees "at issue," thus overcoming the work product protection. Finally, Plaintiff claims that it has shown a substantial need for the interview summaries under Fed. R. Civ. P. 26(b)(3) because of the witnesses' unavailability, uncooperativeness, and their faded recollection of the events.

The first three theories proffered by Interstate Fire do not entitle it to the requested discovery. The provision in the insurance contract for the review of books and records does not overcome the work product protection in this instance; the requested materials do not fall clearly within the scope of the Diocese's "books and records" such that the Diocese could be said to have waived the work product protection by signing the insurance contract. Further, because the materials are not being requested in the course of any duty to defend the Diocese against the underlying claims, the "common interest" doctrine does not provide a basis for compelling the requested discovery. Finally, the Diocese's request for attorney's fees has not put its services "at issue" so as to defeat the work product protection.

However, the Court finds that Interstate Fire is entitled to the requested discovery under Fed. R. Civ. P. 26(b)(3). Fed. R. Civ. P. 26(b)(3)(A)(ii) provides that otherwise protected documents may be discoverable where the party seeking to compel production "shows that it has substantial need for the materials to prepare its case and cannot,

without undue hardship, obtain their substantial equivalent by other means." Interstate Fire claims that the subjects of the interviews have been non-responsive to contact, are difficult to locate, would be "inherently hostile" due to the nature of the underlying claims, and would accordingly be unwilling to provide the same information that was given in their earlier interviews. Further, Interstate Fire notes that the witnesses' memories were likely better at the time the interviews were conducted, approximately five years ago, than their memories would be now. The Court agrees. Many of the witnesses, due to potential self-incrimination, imprisonment for the crimes at issue, and the sensitive nature of the claims at issue, would likely be hostile to Interstate Fire and thus uncooperative, as indicated by the lack of response to Interstate Fire's attempt to contact Fr. Giandelone and other witnesses related to the *Cesolini* matter. This hostility, coupled with the passage of time since the interviews were conducted, is sufficient to warrant compelling the requested discovery under Fed. R. Civ. P. 26(b)(3). Accordingly, the Court will grant Interstate Fire's motion (Doc. 115) and order the Diocese to produce the requested documents. In order to ensure that the documents are sufficiently redacted to protect the Diocese's work product, the Diocese shall submit the documents to the Court for review with their proposed redactions.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Production of Witness Interviews and Timelines (Doc. 115) is granted. Defendant shall produce the witness interview summaries and timelines, with Defendant's proposed redactions, to the Court by February 8, 2012.

Dated this 19th day of January, 2012.

_____
Neil V. Wake
United States District Judge