**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Interstate Fire & Casualty Company, Inc., an Illinois corporation,<br><br>    Plaintiff and Counterdefendant,<br><br>vs.<br><br>The Roman Catholic Church of the Diocese of Phoenix, a corporation sole, by and through Bishop Thomas J. Olmsted, his predecessors and successors,<br><br>    Defendants and Counterclaimants. | No. CV 09-01405-PHX-NVW<br><br>**ORDER** |

       Before the Court is the Diocese of Phoenix's Motion for Partial Summary Judgment That There Will Be No Apportionment of the Settlements Between Covered and Uncovered Amounts (Doc. 118) and Interstate Fire's Request for Oral Argument on Defendant's Motion for Partial Summary Judgment That There Will Be No Apportionment of the Settlements Between Covered and Uncovered Amounts (Doc. 130). The Diocese argues that the four underlying settlements for which it is claiming indemnification under Interstate Fire's insurance policy should not be apportioned because there is no reasonable basis to do so. The Court agrees, and will accordingly grant the Diocese's motion.

       The pleadings in the underlying settled matters alleged multiple theories of liability for the Diocese, including both negligence and intentional tort theories. However, the settled claims were against the Diocese only, and the alleged injury

underlying each settled claim resulted from sexual abuse by Diocese priests and a layworker.  Apportionment of a settlement may be appropriate where the Court has a reasonable basis for apportioning between covered and uncovered claims, such as where a settlement includes payment for actions taken by both insured and non-insured actors. *See, e.g.*, *Caterpillar, Inc. v. Great Am. Ins. Co.*, 62 F.3d 955 (7th Cir. 1995) (apportioning settlement that included payment for actions taken by insured directors and uninsured company).  However, apportionment is not appropriate where the complaints underlying the settled matters simply alleged multiple theories of liability, not multiple injuries or injuries inflicted by both insured and uninsured actors.

At this stage in the pleadings, the Court has not yet determined whether the Diocese's actions were merely negligent, or if they amounted to intentional conduct because the Diocese was substantially certain that its actions would result in the injuries claimed in the settled matters.  If the Diocese was merely negligent, the injury stemming from the Diocese's conduct will constitute a covered occurrence under the insurance policy, and Interstate Fire will be liable for the settlement payouts.  If the Diocese is found to have acted in such a way that the harm resulting here was substantially certain, thus imputing intentionality to its actions, there will be no covered occurrence; accordingly, Interstate Fire will not be liable for the settlement payouts.  Whether the Diocese's conduct is determined to have been negligent or intentional is an issue to be decided by later motion for summary judgment or at trial.  The unresolved issue at this stage thus has no relevance to the apportionment of the settlement claims; there is no allegation that there are some injuries that are covered and others which are not, nor is there any allegation that some actors were insured and others were not.  Rather, the facts are clear that there is one injury underlying each settlement (the abuse), and one insured defendant to the settlement (the Diocese).

Interstate Fire has presented no authority contradicting the Diocese's position that apportionment is not appropriate in this context.  Rather, Interstate Fire focuses its response on arguing that there was no covered occurrence at all because the Diocese had

sufficient information to be substantially certain that its actions would lead to the harm which formed the basis for the underlying settlements.  While this may prove to be the case, it is irrelevant to the question of apportionment and the subject of this motion; either there will be a covered occurrence and Interstate Fire will be liable for the settlements paid, or there will be no covered occurrence and no liability for Interstate Fire.

For these reasons, the Court will grant the Diocese's motion for partial summary judgment on the issue of apportionment.  Because both parties have submitted legal memoranda and oral argument would not aid the Court's decisional process, Interstate Fire's request for oral argument on the motion (Doc. 130) will be denied.

IT IS THEREFORE ORDERED that the Diocese of Phoenix's Motion for Partial Summary Judgment That There Will Be No Apportionment of the Settlements Between Covered and Uncovered Amounts (Doc. 118) is granted.

IT IS FURTHER ORDERED that Interstate Fire's Request for Oral Argument on Defendant's Motion for Partial Summary Judgment That There Will Be No Apportionment of the Settlements Between Covered and Uncovered Amounts (Doc. 130) is denied.

Dated this 20th day of January, 2012.

_____
Neil V. Wake
United States District Judge