**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Interstate Fire & Casualty Company, Inc., an Illinois corporation,<br><br>   Plaintiff and Counterdefendant,<br><br>vs.<br><br>The Roman Catholic Church of the Diocese of Phoenix, a corporation sole, by and through Bishop Thomas J. Olmsted, his predecessors and successors,<br><br>   Defendant and Counterclaimant. | No. CV-09-01405-PHX-NVW<br><br>**ORDER** |

Before the Court are Defendant's Motion for Attorney's Fees and Memorandum in Support of Bill of Costs and Motion for Attorney's Fees (Docs. 240, 253), Plaintiff's Motion for Attorney's Fees and Non-Taxable Costs (Doc. 245), and all responses and replies.

**I.   Factual and Procedural Background**

This action follows from Defendant Diocese's settlement of suits by four claimants, Brockman, Martinez, Cesolini, and Takata, for claims arising out of sexual abuse by Defendant's priests, staff, and laypersons. Defendant had a contract for excess liability indemnity coverage from January 1979 to July 1986 under a series of insurance policies with Plaintiff Interstate Fire & Casualty Company, Inc. After obtaining partial coverage from its primary insurer, Defendant sought from Plaintiff indemnification for the remainder of its losses. Plaintiff sued in this Court for declaratory judgment that the sexual abuse was not covered by its policy. (Doc. 1). Defendant then brought four

counterclaims for breach of contract—one for each original sexual-abuse claimant—as well as claims that Plaintiff had acted in bad faith by failing to pay on the claims and by disclosing confidential information.  (Doc. 16).  Defendant later also claimed that Plaintiff engaged in vexatious litigation tactics that amounted to a display of bad faith.  (Doc. 204).  The facts of this case are well known to the parties and have been detailed in prior orders.  (*See, e.g.*, Doc. 58).

On July 2, 2012, this Court granted summary judgment in favor of Defendant on the Brockman, Martinez, and Cesolini breach-of-contract claims and summary judgment in favor of Plaintiff on the Takata claim.  (Doc. 237).  As a result, Defendant obtained a total monetary judgment of $801,289.39 plus interest for the Brockman, Martinez, and Cesolini claims; it did not receive the $1,028,142.14 it sought from Plaintiff on the Takata claim.  This Court also granted summary judgment in favor of Plaintiff on Defendant's bad-faith claims regarding Plaintiff's failure to pay under its coverage policy and the disclosure of confidential information.  While Plaintiff lost its argument that the incidents for which Defendant sought coverage were not covered by the policy, this Court determined that Plaintiff did not act in bad faith by presenting the argument.  (Doc. 237).  As noted in its order and in oral argument, the Court reserved judgment on the issue of whether Plaintiff's litigation strategy—in particular, its failure to disclose the endorsement for sexual abuse exclusion during Phase One briefing—evinced bad faith.  (Doc. 237).

## II.     Recovery of Costs and Attorney's Fees by Statute

Arizona provides for the potential recovery of attorney's fees in contract cases by statute: "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  A.R.S. § 12-341.01(A).  The taxation of costs, however, is in general a procedural matter governed by federal law in a diversity action, *see Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167-68 (9th Cir. 1995) (taxation of expert witness fees is a trial-procedure issue governed by federal law); *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987) (noting

that in a diversity suit "[a]s a general proposition, the award of costs is governed by federal law under Rule 54(d)"). Rule 54(d) of the Federal Rules of Civil Procedure dictates that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The suit is subject to Arizona substantive law and federal procedural law, and all of the claims in this action are grounded in the insurance contract between Plaintiff and Defendant. Accordingly, as contemplated by the Federal Rules of Civil Procedure and Arizona's attorney's fees statute, this Court will award costs and has the discretion to award reasonable attorney's fees to the successful party.

## III.     Attorney's Fees

### A.     Legal standard for identifying the "successful party"

In order to identify a "successful party" that may receive attorney's fees and costs in cases with multiple claims and counterclaims, Arizona courts have repeatedly considered the "percentage of success" or the "totality of the litigation." *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38, 800 P.2d 20, 25 (Ct. App. 1990); *see also Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 49, 612 P.2d 500, 505 (Ct. App. 1980). Similarly, Arizona courts have identified the "net winner" as the "successful party" in cases involving claims and counterclaims. *Berry v. 352 E. Virginia. L.L.C.*, 228 Ariz. 9, 13, 261 P.3d 784, 789 (Ct. App. 2011) (citing *Ayala v. Olaiz*, 161 Ariz. 129, 131, 776 P.2d 807, 809 (Ct. App. 1989)).[1]

A party may be "successful" under the Arizona statute, and thus receive attorney's fees, even though the party did not obtain the full relief it sought in the action. *Se. Invs.,*

---

[1] In some cases with claims and counterclaims for monetary damages, Arizona courts have also applied the "net judgment rule," in which the successful party is the party that obtains the "net judgment" after any setoff for the opposing party is taken into account. This test, however, does not apply when an insurance company does not assert a claim for money damages but instead defends against monetary claims. *See Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38, 800 P.2d 20, 25 (Ct. App. 1990) ("Farmers [the insurance company] did not assert an independent claim and obtain an award, rather it successfully defended against [Plaintiff's] bad faith claim. Thus, the net judgment rule . . . is not applicable.").

*LLC v. CB Richard Ellis, Inc.*, No. 1 CA-CV 10-0224, 2011 WL 1226466 (Ariz. Ct. App. Mar. 31, 2011) (citing *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430, 874 P.2d 982, 987 (Ct. App. 1994)). However, if a party is not successful on all of its claims, it does not receive all of the fees it incurred in the action. A court generally will not award fees incurred by that party solely in pursuit of unsuccessful claims that were unrelated to the claims on which it did prevail. *See, e.g.*, *Berry*, 228 Ariz. at 14, 261 P.3d at 789 ("When a case involves claims based upon different facts or legal theories . . . the court may decline to award fees for those unsuccessful separate and distinct claims") (internal quotations omitted); *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (Ct. App. 1983) ("Where claims could have been litigated separately, fees should not be awarded for those unsuccessful separate and distinct claims which are unrelated to the claim upon which the plaintiff prevailed."). As such, a party deemed successful may still be denied attorney's fees on some of the claims it advanced.[2]

### B.  Legal standard for awarding attorney's fees

The trial court has "broad discretion" as to whether or not to grant attorney's fees in a suit arising out of an Arizona contract. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). The Arizona Supreme Court justified this discretion by noting the trial court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."

---

[2] In this regard, Arizona law comports with federal law on attorney's fees, as expressed in the seminal case *Hensley v. Eckerhart*. While federal law on attorney's fees does not govern in this diversity-jurisdiction case, the United States Supreme Court's approach to the awarding of attorney's fees under 42 U.S.C. § 1988 is instructive. Section 1988(b) gives courts discretion to grant reasonable attorney's fees to the prevailing party in suits brought pursuant to various federal civil rights statutes. 42 U.S.C. § 1988(b). Under section 1988(b), as under Arizona law in contracts cases, a plaintiff may receive fees even if he is not successful on every claim. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). However, as in Arizona, a prevailing plaintiff should not recuperate attorney's fees incurred solely in pursuit of unsuccessful claims "that are based in different facts and legal theories" than his successful claims. *Id.* Accordingly, federal law and Arizona law espouse the same analysis and lead to the same result in this action.

*Id.* at 571 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). To help guide the trial court's discretion, the Arizona Supreme Court has proffered several factors, in addition to the meritorious nature of the claim, that are "useful to assist the trial judge" in assessing the need for an award: (1) the merits of the opposing party's claim or defense; (2) whether the litigation could have been avoided; (3) whether awarding fees would "cause an extreme hardship" for the unsuccessful party; (4) the extent to which the successful party prevailed; (5) whether the legal question presented was novel; and (6) whether an award in one case would "discourage other parties with tenable claims or defenses from litigating . . . for fear of incurring liability for substantial amounts of attorney's fees." *Warner*, 143 Ariz. at 570, 694 P.2d at 1184.

### C. Defendant is the successful party

The Court, in its discretion, finds that Defendant Diocese is the "net winner" and therefore the "successful party" under section 12-341.01(A) of the Arizona Revised Statutes. The gravamen of the matter was the Brockman, Martinez, Cesolini, and Takata breach-of-contract claims. This case was firmly grounded in and driven by these coverage claims. Defendant won on three of these four claims and obtained a substantial recovery. The bad-faith claims on Plaintiff's denial of payment and Plaintiff's disclosure of confidential information neither motivated nor dominated Defendant's countersuit. Instead, they were simply alternative theories in pursuit of the same monetary recovery. Finally, this Court did not decide whether Plaintiff acted in bad faith with regard to its litigation tactics. In sum, Defendant won on three of its four major counterclaims and that success trumps Plaintiff's success on the Takata claim and its nominal success on the bad-faith claims. Evaluating the "totality of litigation," this Court thus concludes that Defendant is the "successful party." *Cf. Schwartz*, 166 Ariz. at 38-39, 800 P.2d at 25 (affirming ruling that insurance company was "successful party" when it won on bad-faith claim but lost on coverage claim, but only after court declared it "undisputed that this [bad-faith] claim was a major issue").

### D. This Court's decision to award fees

#### i. Brockman, Martinez, and Cesolini claims

Several factors set out by the Arizona Supreme Court in *Warner* support Defendant's request for fees on the Brockman, Martinez, and Cesolini claims. First, Defendant's position on these breach-of-contract claims was meritorious. Second, this litigation was all but unavoidable, as the parties were singularly unlikely to settle. Third, awarding fees to Defendant would not create any particular hardship for Plaintiff, an insurance company, and fourth, the legal question at issue here was complex and novel in this jurisdiction. Finally, awarding attorney's fees in this case is unlikely to discourage insurance companies from defending against claims they believe are not covered by their policy. These considerations indicate that justice is best served by awarding Defendant fees on these claims. Accordingly, Defendant will be awarded reasonable attorney's fees accrued in pursuit of the Brockman, Martinez, and Cesolini claims.

#### ii. Takata claim

Even though Defendant is "the successful party," Defendant did not prevail on the Takata claim. Each of Defendant's four counterclaims for breach of contract—including the Takata claim—was based on different underlying events and operative facts; the suits were joined in one action only because they featured a common plaintiff and defendant. As the Takata claim has a different factual predicate than and is therefore separate and distinct from the claims on which Defendant prevailed, Defendant's attorney's fees expended solely for this claim will not be awarded. To rule otherwise would be unreasonable, both under Arizona law, *see Schweiger*, 138 Ariz. at 189, 673 P.2d at 933, and persuasive United States Supreme Court authority, *see Hensley*, 461 U.S. at 434-35.

Plaintiff's request for the award of attorney's fees on the Takata claim will be denied, even though Plaintiff succeeded on this front. The Arizona Revised Statutes appear to contemplate only one "successful party" receiving fees in a given action. *Desert Mountain Properties Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 213, 236 P.3d 421, 440 (Ct. App. 2010) ("The successful party is the one that is the 'ultimate

prevailing party' in the litigation.") (citing *U.S. Insulation, Inc. v. Hilro Constr. Co.*, 146 Ariz. 250, 259, 705 P.2d 490, 499 (Ct. App. 1985)).  As this Court has determined that Plaintiff is not the prevailing party in this suit, the Court will not award it fees.

Even if a court could also award Plaintiff its attorney's fees on the Takata claim, this Court would not exercise its discretion to do so.  Plaintiff is an insurance company; the costs of litigating coverage claims can be considered a cost of doing business.  An insured party, like Defendant, instead pays a premium to eliminate financial risk and should not under circumstances such as the ones at hand face the steep costs of the insurer's fees in addition to those of litigating its own claims.  Further, Plaintiff brought suit to protect its financial interests, and "[t]he insured exposed by his insurer to the sharp thrust of personal liability need not indulge in financial masochism." *Desert Mountain*, 225 Ariz. at 210, 236 P.3d at 437 (citing *Ariz. Prop. & Cas. Ins. Guar. Fund v. Helme*, 153 Ariz. 129, 137, 735 P.2d 451, 459 (1989)).  The final *Warner* factor also militates against an award for Plaintiff, as imposing an insurance company's costs on the insured party would very likely "discourage other parties with tenable claims or defenses from litigating . . . for fear of incurring liability for substantial amounts of attorney's fees." *Warner*, 143 Ariz. at 570, 694 P.2d at 1184.

### iii.  Bad faith Claims

As with the Takata claim, Defendant does not get attorney's fees for the bad-faith claims on which the Court granted summary judgment to Plaintiff.  Further, Defendant acknowledged during oral argument that it incurred no attorney's fees springing from Plaintiff's alleged bad-faith litigation tactics that it had not already incurred in preparing its Brockman, Martinez, and Cesolini claims.  As such, this Court need not decide the issue of whether Plaintiff exhibited bad faith in its litigation tactics, since the determination would not affect the size of Defendant's award.  This Court accordingly will not award any attorney's fees arising solely from any of the bad-faith claims made in this action.

1 **IV.     Costs**

2 Federal Rule of Civil Procedure 54(d) provides that "costs . . . should be allowed to the prevailing party."[3] This Court in its discretion concludes that Defendant is the prevailing party with respect to costs, as it is with respect to attorney's fees. Accordingly, Defendant will be awarded its taxable costs allowable under 28 U.S.C. § 1920.

IT IS THEREFORE ORDERED setting the briefing schedule for the quantification of attorney's fees and taxable costs as follows: Defendant shall file its opening brief and documentation by November 9, 2012; Plaintiff's response shall be filed by December 14, 2012; and Defendant's reply shall be filed by January 11, 2013.

Dated this 11th day of October, 2012.

_____
Neil V. Wake
United States District Judge

---

[3] Arizona law mandates that "the successful party to a civil action . . . recover from his adversary all costs expended" during litigation. A.R.S. § 12-341. Moreover, under Arizona law the prevailing party is entitled to all taxable costs even if it did not obtain full recovery. *Ayala v. Olaiz*, 161 Ariz. 129, 131, 776 P.2d 807, 809 (Ct. App. 1989). Accordingly, Arizona law leads to the same outcome as federal law does with regard to taxable costs.